Matthias, J.
While plaintiffs herein are interested in enjoining the enforcement of the ordinances in question in order to permit them to complete the installation of the laboratory equipment previously mentioned, we are of the opinion that such particular dispute is but a manifestation of the continuing and principal controversy between these parties. Although plaintiffs raise innumerable issues on this appeal, we deem the determinative issue in this cause to be the following, as stated by the plaintiffs:
“May the city of Cincinnati, under statutory authority to •license ‘plumbers,’ so define that term as to include other established crafts and prohibit those other crafts from engaging in their usual occupations?”
As to the particular dispute involving installation of the laboratory equipment, the court below determined that defendant city acted reasonably in requiring such work to be performed only by licensed plumbers. Thus, the court refused to enjoin the enforcement of the ordinances attacked. In answer to plaintiffs’ prayer for a declaratory judgment as to the validity of the ordinances and for a declaration of plaintiffs’ rights thereunder, the Court of Appeals stated:
“The court further finds that plaintiffs are not entitled to a declaratory judgment as to the validity and constitutionality of the provisions of the ordinances of the city of Cincinnati pertaining to the licensing of plumbers for the reason that there is no dispute between plaintiffs and defendants concerning said ordinances, since plaintiffs are not required to obtain a license to pursue their trade and are not applicants for plumbers’ licenses.” (Emphasis added.)
In respect to this finding, we feel that the court below misconstrued the principal import of the plaintiffs’ prayer for declaratory relief. Plaintiffs concede that they are not applicants for plumbers ’ licenses; in fact plaintiffs emphasize the fact that they do not have any desire to become plumbers, and they do not deny the authority of the defendant city to license plumbers.
Plaintiffs’ real complaint is simply that the specific section of the ordinance (Section 1112-2, Building and Zoning Code of the City of Cincinnati) which prescribes “plumbers operations” *107 is so broad in its scope as to require a plumber’s license for the performance of work which traditionally belongs to pipe fitters.
The plaintiffs themselves have compounded the confusion as to the essential issue in this cause by elaborately attacking the various licensing provisions of the plumbing code. As to these licensing provisions, the court below was correct in determining that plaintiffs are without standing to question such provisions, for the reason that they are not applicants for plumbers ’ licenses.
Any actual injury to the plaintiffs steming from the ordinances in question comes not from such licensing provisions but rather from the section defining plumbing and plumbing operations, to wit, section 1112-2, which reads in part as follows:
“It shall be unlawful for any person other than a certified licensed master plumber, or a certified licensed journeymen plumber or registered plumber apprentice * * * to install, alter, repair or make any connection with any water supply or water distributing pipe * *
If such an ordinance defines plumbing in such a manner as to include therein traditional pipe-fitting operations and requires a plumber’s license to engage in such operations, the effect is, of course, to prohibit plaintiffs from earning a livelihood at their chosen craft. It is stated that all pipe connections are with a water supply, other than gas piping which it is claimed is the single area not included as a “plumber’s operation” by the ordinance in dispute.
We come now to the question of whether plaintiffs possess the interest necessary to the maintenance of an action for a declaration as to the validity of the above-mentioned section. In this regard, the pertinent section of the Ohio Declaratory Judgments Act (Section 2721.03, Revised Code) provides in part:
“Any person * * * whose rights, status, or other legal relations are affected by a statute, municipal ordinance * * * may have determined any question of construction or validity arising under such * * * statute, [or] ordinance * * * and obtain a declaration of rights, status, or other legal relations thereunder. ’ ’
In addition, we take note of Section 2721.13, Revised Code, a part of the Declaratory Judgments Act, which provides:
*108 “Sections 2721.01 to 2721.15, inclusive of the Bevised Code are remedial, and shall be liberally construed and administered. ’ ’
Consider also the following statements by the author of the annotation in 174 A. L. R., 561, Section 8:
“Persons whose property rights are directly affected by a statute or ordinance are entitled to obtain a declaratory determination as to the validity of the statute or ordinance.”
And in section 10 of the same A. L. R. article it is stated:
“The necessary interest to entitle a person to maintain an action for a declaratory judgment as to the validity of a statute may arise where the person is threatened with a criminal prosecution for violation of the statute.”
Pipe fitting is a recognized trade, and the right to pursue such a legitimate recognized trade, subject only to the restrictions made necessary in order to protect the public health, safety and welfare, constitutes a valuable property right protected by law.
By virtue of these rules of law and by virtue of the facts established in the record of this cause, and particularly in view of the continuing nature of the controversy involved, plaintiffs have established that they possess a legal interest in an actual controversy, which controversy is justiciable in nature. As a result, plaintiffs are entitled to declaratory relief pertaining to the construction and validity of Section 1112-2 of the Building and Zoning Code of the City of Cincinnati.
We take note incidentally of the fact, revealed in the record herein, that defendant city has not in every instance sought a strict enforcement of the ordinane.e in question. However, in the determination of the constitutionality of an ordinance or statute, a court must, of course, indulge in the absolute presumption that such ordinance or statute is in fact strictly enforced. Lack of diligence by those charged with the duty of enforcing such laws must, of course, have no bearing whatsoever on the determination of such laws ’ validity or nonvalidity.
Consequently, we remand this cause to the Court of Appeals with instructions to determine the validity of section 1112-2 by determining whether the provisions of such section bear a reasonable relationship to the protection of the public *109 health, safety and welfare, and to declare the rights of the plaintiffs under such section.

Judgment reversed and cause remanded.

Weygandt, C. J., Zimmerman, Taft, Bell and Herbert, JJ., concur.